UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: AMOR ALLOUI,
   Appellant.

No. 19-cv-2640

**O P I N I O N**
*Sua Sponte* Dismissal of Appellant's Bankruptcy Appeal

**Joseph F. Leeson, Jr.**                 October 8, 2019
**United States District Judge**

## I. INTRODUCTION & BACKGROUND

Amor Alloui, proceeding *pro se*, commenced this appeal from an Order of the Bankruptcy Court by filing a Certificate of Appeal with this Court on June 13, 2019. *See* Cert. of App., ECF No. 1. Alloui appeals from an Order dated May 30, 2019, granting relief from the automatic stay to a mortgagee.[1] *Id*. The underlying record from the Bankruptcy Court was docketed on July 15, 2019. *See* ECF No. 3. On the same day, this Court directed that (1) Alloui file his moving brief within 30 days, (2) Appellee file its brief within 30 days thereafter, and (3) Alloui file his reply brief 14 days after service of the opposition brief. *See* ECF No. 4. On August 21, 2019, having yet to receive Alloui's brief, the Court issued an Order directing that if Alloui did not file his brief within 30 days, the appeal would be dismissed for failure to prosecute. *See* ECF No. 5. On September 19, 2019, the bankruptcy proceeding was dismissed and closed. *See* Bankruptcy Docket, ECF No. 55.

---

[1]  "Under bankruptcy law, it is an elementary principle that an automatic stay arises upon the filing of a bankruptcy petition." *In re Iezzi*, 504 B.R. 777, 779 (Bankr. E.D. Pa. 2014) (citing 11 U.S.C. § 362(a)).

To date, Alloui has not filed his appellate brief; indeed, the docket has recorded no activity from Alloui with respect to his brief. Therefore, in accordance with applicable law as set forth below, Alloui's appeal is dismissed, with prejudice, for his failure to prosecute.

## II.     LEGAL STANDARD

A district court's authority to *sua sponte* dismiss a proceeding where a party fails to meet its obligations to prosecute its claims derives from a court's inherent authority to control its own proceedings.[2] This authority "has been expressly recognized in Federal Rule of Civil Procedure 41(b)."[3] *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). In the Third Circuit, a district court may dismiss a case for failure to prosecute where the following factors weigh in favor of dismissal:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (emphasis in original) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). The

---

[2]     Alloui's bankruptcy appeal is properly before this Court pursuant to 28 U.S.C. § 158(a), which provides that district courts "shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of [Title 28]."

[3]     Although Rule 41(b) is an expression of the courts' long-recognized, inherent authority to control its proceedings, *sua sponte* dismissals are not necessarily governed by that Rule. *See Link*, 370 U.S. at 630-31 ("We do not read Rule 41(b) . . . to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant . . . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

framework established by the *Poulis* factors is applicable to dismissals of bankruptcy appeals for an appellant's failure to prosecute. *See In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 48 (3d Cir. 2015) ("We review the propriety of the District Court's dismissal of Carr's bankruptcy appeal for abuse discretion through the lens of the *Poulis* factors.").

**III.   ANALYSIS**

The Court finds that at least four of the six *Poulis* factors—factors (1), (3), (4), and (6)—weigh in favor of dismissing Alloui's appeal.[4] As to the first factor, Alloui "proceeded *pro se,* so the responsibility for any failure to prosecute falls on him." *In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009). This factor therefore weighs in favor of dismissal. Next, the only two directives this Court has given Alloui have been effectively disregarded, indicating to the Court a history of dilatoriness. *See Bembry-Muhammad v. Greenberg*, No. CV 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) ("[B]y missing all of the deadlines imposed by this Court, the Appellant has shown a history of dilatoriness."). As such, the third factor weighs in favor of dismissal. The same circumstances also leave the Court unable to draw any conclusion other than that Alloui's failure to file his appellate brief was willful, and the fourth factor is satisfied in favor of dismissal. *See id*.

Finally, the Court considers whether the appeal has merit—the sixth *Poulis* factor. The May 30, 2019 Order which Alloui appeals modified a prior Order granting a mortgagee relief from the automatic stay such that the mortgagee could proceed with foreclosure. Although it limited the scope of relief from the automatic stay, the modified Order still permitted the lifting of the stay to allow foreclosure to proceed, thus prompting the appeal. The Court assumes the

---

[4]   Because the underlying proceeding has terminated, the second *Poulis* factor (prejudice to Alloui's adversary caused by his delay) and the fifth *Poulis* factor (the effectiveness of lesser sanctions) are simply inapposite to the instant circumstances.

3
100719

30, 2019 Order is "final" rather than interlocutory. *See Matter of W. Elecs. Inc.*, 852 F.2d 79, 81 (3d Cir. 1988). However, even making this assumption, Alloui's appeal lacks any merit: because the underlying Chapter 13 proceeding has been dismissed, the issue of the automatic stay—the basis for Alloui's appeal—is moot.

"In the bankruptcy context, the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy." *Denby-Peterson v. Nu2u Auto World*, 595 B.R. 184, 188 (D.N.J. 2018). It is therefore not necessarily the case that dismissal of the underlying proceeding will moot an issue on appeal. However, in *Tellewoyan v. Wells Fargo Home Mortg.*, No. 05-27045, 2006 WL 2331108, at *1 (D.N.J. Aug. 10, 2006), the District Court dismissed a bankruptcy appeal under facts identical to those here. In that case, appellant appealed the Bankruptcy Court's Order denying his motion to reinstate the automatic stay after it had been lifted for a mortgagee to proceed with foreclosure. After filing, however, he did nothing to prosecute his appeal. The underlying bankruptcy proceeding was then dismissed. In *sua sponte* fashion, the District Court dismissed the appeal on grounds of mootness, observing that "the automatic stay is intimately connected to the bankruptcy case that was dismissed and is entirely dependent on the existence of a bankruptcy proceeding. Therefore . . . the dismissal of the underlying bankruptcy case has rendered [the] appeal moot." *Id.* at 2. For essentially the same reason, Alloui's appeal is now moot, and, consequently, the sixth *Poulis* factor weighs in favor of dismissal.[5]

---

[5] As the Court in *Tellewoyan* observed, mootness is part and parcel of the Article III jurisdictional inquiry into whether a case presents an actual controversy for the Court's adjudication. Although the Court has engaged in the *Poulis* analysis here for purposes of comprehensiveness, the mootness of Alloui's claim would almost surely be sufficient on its own to deprive the Court of jurisdiction and require dismissal.

## IV. CONCLUSION

Because the *Poulis* factors weigh in favor of dismissal, Alloui's appeal is dismissed, with prejudice. An Order to this effect follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge